EDWARDS ET AL., APPELLANTS, *v.* MT. WASHINGTON BAPTIST DAY CARE CENTER ET AL., APPELLEES.

(No. C-870297—Decided January 20, 1988.)

G. Ernie Ramos, Jr., for appellants.

John W. Hust, for appellees.

*Per Curiam.* Ellen and John Edwards ("appellants") filed suit against Mt. Washington Baptist Day Care Center and Mt. Washington Baptist Church ("appellees") for negligent infliction of emotional stress. The trial court granted appellees' motion for summary judgment.

Appellants delivered their three-year-old son, Bradley, to the appellee day care center, which the appellee church operated. No one at the center noticed that Bradley had subsequently wandered from the building. A neighbor recognized Bradley and returned him unharmed to the center. A couple of hours later, the center notified Bradley's parents of the incident. Appellant Ellen Edwards claimed that she suffered severe emotional distress as a result.

Appellants' sole assignment of error is that the trial court erred in granting appellees' motion for summary judgment. This court must resolve the assignment of error by applying the standard in Civ. R. 56(C), which requires for summary judgment a determination that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

In *Paugh* v. *Hanks* (1983), 6 Ohio St. 3d 72, 6 OBR 114, 451 N.E. 2d 759, the Supreme Court held that reasonable foreseeability of injury is a predicate to proving a claim of negligent infliction of emotional distress. The court set forth the following factors for determining reasonable foreseeability: (1) whether the plaintiff was near the scene of the accident or a distance away; (2) whether the plaintiff contemporaneously observed the accident or learned of the accident from others after its occurrence; and (3) whether the plaintiff and victim were related. *Paugh, supra,* at 79, 6 OBR at 120, 451 N.E. 2d at 766.

In the instant case, appellants John and Ellen Edwards were not near the scene of the incident. They did not observe Bradley's wandering but learned of it hours later, after Bradley's safe return. Emotional injury was not foreseeable under these

circumstances. There being no genuine issues of material fact and only one available conclusion, that being adverse to appellants, the trial court properly granted summary judgment as a matter of law. The assignment of error is overruled.

We affirm the judgment of the trial court.

*Judgment affirmed.*

KLUSMEIER, P.J., BLACK and UTZ, JJ., concur.